DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

JUNE TERM, 1889.

---

STEPHEN O. SMITH, PLAINTIFF IN ERROR, v. ROBERT J. IRWIN, DEFENDANT IN ERROR.

1. An employe takes upon himself all the risks that are naturally and fairly incident to the employment in which he engages. This rule is modified so far as to require the employer of an infant to explain to him fully the hazards and dangers connected with the business, and to instruct him how to avoid them.

2. Minor servants are held to assume, by their contract of employment, those ordinary risks of their service which are obvious to them, or have been pointed out in a manner suited to their youth and inexperience.

3. The law upon the subjects embraced in the requests to charge having been correctly declared by the trial judge in his charge to the jury, his refusal thereafter to charge otherwise than had been charged was not error.

4. To conclude the plaintiff from maintaining his action, his conduct must have been negligent, and his negligence must have contributed to the injury in such a way that if he had not been negligent he would have received no injury from the negligence of the defendant.

---

On error to the Supreme Court.

For the plaintiff in error, *J. Frank Fort.*

For the defendant in error, *Ludlow McCarter.*

The opinion of the court was delivered by

VAN SYCKEL, J.   There are two suits involving the same questions of law, one brought by the father to recover damages for injury to his son, and the other brought by the son, in the name of the father, to recover compensation for injury to himself.   Smith, the defendant below, was a manufacturer in the city of Newark.   Robert J. Irwin, the son, then seventeen years old, was injured August 4th, 1886, while working a circular saw on the said defendant's premises.

The question for consideration on the trial of the cause was, whether, under the evidence, the defendant below was liable in law to respond in damages for the injury which is the subject matter of this suit.

The only question to be determined in this court is, whether the trial judge correctly stated to the jury the law pertaining to the case.

In the first part of the charge he stated the law as follows: "An employe takes upon himself the risks that are fairly and reasonably incident to the employment in which he engages.   That, gentlemen, is the general rule of law.   It applies in all cases where the employe is an adult.   But the doctrine I have stated is modified where the employment is of an infant—a minor—and is one that in its nature is hazardous.   Then the rule is, that the employer is under a duty to give the employe such notice of the danger and such instruction as would enable him to comprehend the dangers that are incident to his employment; and before I leave the case in the hands of the jury, I think in your minds it will resolve itself into the inquiry, whether that duty has been performed.   In order to express the proposition of law I have mentioned with more clearness, I will read it from a book of acknowledged authority.   The author, speaking of the general rule I have mentioned, that is, that the employe takes

upon himself all the risks that are naturally and fairly inci--
dent to the employment in which he engages, uses this lan-
guage : ' This rule is modified so far as to put upon himself,
when he takes an infant into his service, the duty of explain-
ing to him fully the hazards and dangers connected with the·
business and of instructing him how to avoid them. Nor is·
this all. The master will not have discharged his duty in,
this regard unless the instructions and precautions given are·
so graduated to the youth, ignorance and inexperience of the·
servant as to make him fully aware of the danger to him, and
to place him in substantially the same position as if he were·
an adult.'

"That law has been recognized and been made the basis of
decision in our own Supreme Court (*Beckham* v. *Hillier*, 18
*Vroom* 14). I will read an extract from that opinion : 'Minor·
servants are also held to assume, by their contract of employ-
ment, those ordinary risks of their service which are obvious·
to them, or have been pointed out in a manner suited to the·
comprehension of their youth and inexperience.' They take
upon themselves the ' ordinary risks of the service which are
obvious to them, or which have been pointed out in a manner·
suited to the comprehension of their youth and inexperience.
They cannot ignore the duties of common prudence or the·
instructions of their superiors to guard themselves from those·
apparent dangers and charge the consequences upon their em-
ployers.' That, gentlemen, is the law as established, not only
elsewhere, but it is the law as established in this state, and
the rule of law that is to be applied in this case."

The evidence was uncontradicted that the boy was totally
unacquainted with machinery and had no previous experience
in the running of a circular saw.

The trial judge, in commenting on the evidence, therefore·
committed no error in law in saying to the jury : " That a
machine of this character is a dangerous machine is obvious
to the senses of every one, and I think that you will have·
no difficulty in reaching the conclusion that the employment
of an inexperienced boy, less than seventeen years old, in the

management of a machine like this, without such instructions as would enable him to avoid injury from the machine, would be a violation of the duty of the master."

After further commenting on the evidence, the judge then said to the jury : " If, after considering the evidence, you come to the conclusion that the defendant did not perform his duty—in other words, that the boy was set to work at a hazardous duty in the course of which he received this injury, without such warning and such instructions as the law requires the master to give—and find a verdict against the defendant, the next question will be the assessment of damages."

That the law of the case was correctly expounded in the charge as above quoted, is too well settled to be controverted. It must have been obvious to the jury that the trial judge, in speaking of the boy as " an inexperienced boy," meant that he was inexperienced in the use of a buzz saw.   Under the evidence there was no dispute whatever about that fact.   The court did not withdraw from the jury the right to determine whether it was necessary that any instruction should have been given by the employer to the boy; it was expressly charged " that minor servants are held to assume, by their contract of employment, those ordinary risks of their service which are obvious to them ; that they cannot ignore the duties of common prudence or the instructions of their superiors to guard themselves from those apparent dangers and charge the consequences upon their employers."

The defendant's counsel requested the court to charge the jury as follows :

*First.* If the plaintiff had such instructions, caution, information or knowledge as would enable him, with a reasonable exercise of care on his part, to do his work with safety to himself, the defendant is not liable, and it makes no difference whether he derived it from the defendant or Reilly or from his own perceptions and intelligence.

*Second.* The plaintiff cannot recover in this case unless the jury are satisfied that he is manifestly so incapable of understanding the nature and extent of the danger as to be unable

to perform his work with safety, without such instructions or caution that were not given him.

*Third.* If the plaintiff was negligent to any extent, however little, he cannot recover, even though the defendant was negligent.

*Fourth.* If the jury believe the plaintiff had reached the age of discretion, he is chargeable with the exercise of due, that is, ordinary care, and the defendant is not liable for any injury that arises from any obvious risks.

The case shows that the court declined to charge as requested, or otherwise than as already charged.

Whether these requests to charge were handed to the court before or after the charge had been delivered to the jury does not appear affirmatively. In the ordinary practice the requests to charge are presented to the trial judge before he commences to instruct the jury.

After he has delivered his charge, if he finds anything in the requests which is proper to be charged and which has not been covered by his previous instructions to the jury, he proceeds to instruct the jury accordingly. If the legal propositions contained in the requests have, in the opinion of the trial judge, been sufficiently presented, he states to counsel that he refuses to charge otherwise than has been charged.

As to the matters contained in the first, second and fourth requests, the law had been fully, clearly and accurately given to the jury, and it was not error in the court to refuse to repeat the legal propositions which had been so well presented. In fact the jury might have been embarrassed, if not misled, by the mere statement of general rules of law, without a reference to the facts and a repetition of portions of the charge to show how the legal doctrines should be applied. The rules of law which govern the case were so clearly enunciated in the first part of the charge that it cannot be presumed that an intelligent jury could have misapprehended the views of the court, whether the requests to charge were presented before or after the charge was delivered. The statement that the court refused to charge upon these subjects otherwise than

had been charged, could not have led the jury to suppose that the court intended to change or modify in any respect the instructions previously given.

On the contrary, it was, in effect, a declaration that the court adhered to its charge as previously submitted to the jury. The law upon the subjects embraced in the requests to charge having been correctly declared by the trial judge, his refusal thereafter to charge otherwise than had been charged was correct.

As to the third request to charge, it would have been error in the trial court to accede to that request. It is an inaccurate statement of the law. To conclude the plaintiff from maintaining his action, his conduct must have been negligent, and his negligence must have contributed to the injury in such a way that, if he had not been negligent, he would have received no injury from the negligence of the defendant. *New Jersey Express Co. v. Nichols,* 4 *Vroom* 434.

We find no error in the proceedings below, and the judgment should, therefore, be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, MCGREGOR, SMITH, WHITAKER. 11.

*For reversal*—None.