### JAMES CARD v. ALFRED WILKINS ET AL.

1. When an employer clearly and explicitly forbids his employe to do a certain act around or in connection with the machine on which the employe is working, and the employe, while violating such prohibition and as a result of such violation, receives an injury, the employer is not liable therefor.

2. This rule applies as well to minor as adult employes.

---

On rule to show cause.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the plaintiff, *John W. Harding.*

For the defendants, *Edward M. Colie.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE.    Plaintiff brought this action to recover damages from defendants for an injury received by him while in their employ, which he claimed resulted from a breach of their duty to him as masters.

At the trial plaintiff represented himself to have been a little over twelve years old at the time he received the injury. He was then employed in tending a machine called a "gilling" machine in defendants' shop.    From the description he

gave of that machine, it appeared that it contained two pairs of rollers armed with sharp teeth of considerable length, and which, when in operation, revolved with rapidity.   He knew how to stop the machine when in motion, and had frequently stopped it.

Plaintiff's duty was to feed to this machine twisted ropes of horsehair, which were seized and torn apart by the teeth of the first pair of rollers, and passed from them without his action to the second pair, which further tore apart the horsehair and passed it on to an apron or canvas slanting to the floor, from which it was removed for further processes of manufacture.   The duty of plaintiff required him to feed the ropes to the front pair of rollers.

It further appeared that at times the teeth of the rollers became clogged with the hair to such an extent as to stop the motion of the machine, and that plaintiff, when that result was threatened, had stopped the machine and removed the hair which clogged it, or had it removed by one of the older workmen.

The injury of plaintiff was received by his hand being drawn into and lacerated by the teeth of the rear pair of rollers, while he was engaged in attempting to remove from them some hair which threatened to clog them.   The machine was then moving at its usual speed, for plaintiff had made no effort to stop it.   It could be stopped without difficulty.   In order to reach the rear rollers, where plaintiff was injured, he was obliged to climb partially upon the machine.

A verdict having passed for plaintiff, a rule to show cause why a new trial should not be granted was allowed.   It is now supported for the defendants on the ground that there were errors in the trial and result, and on the further ground that they have discovered since the trial, and have established, as they claim, by affidavits, that plaintiff at the time of the injury was considerably older than he had represented himself to be.

It is first strenuously argued that the danger of attempting to remove hair from the sharp teeth of rapidly-revolving roll-

ers was one which must have been obvious even to a boy of twelve years of age, for the rollers were open to his view, and he admitted he knew what would result if his hand should be drawn in. The contention is that there should have been a nonsuit or a direction for a verdict for defendants.

This contention would be irresistible but for the testimony. of the plaintiff that the person in charge of the work, who had given him instructions as to the machine, had more than once, within his observation, removed hair which threatened to clog the machine while the rollers were in their usual motion. That person denied ever having done so in most positive terms, and there was corroborating evidence. Perhaps there was enough contradictory evidence to lay a foundation for the contention that a verdict grounded on the veracity of plaintiff in that respect ought not to stand. But the case was not presented to the jury in that way, and it is deemed best not to express any opinion thereon except to say that if it was established by proof that plaintiff had seen his superior and instructor remove clogging hair from the teeth of the rollers while the machine was in motion with impunity, it would be a question for the jury whether a boy, such as plaintiff was, must have perceived and comprehended the danger attached to such an act.

The defendants produced evidence from several witnesses, which, if believed, established that defendants' agent had forbidden plaintiff to touch the machine if it got clogged, or to attempt to remove the clogging hair until the machine was stopped.

In view of this evidence the trial judge was asked to charge the jury that if they found that plaintiff was explicitly and clearly forbidden by defendants or their agent to do the act in which he received his injury he could not recover. The instruction thus asked was refused, except so far as it was embraced in the charge made.

On examination of the charge it is plain that it did not contain the substance of the request. The jury were told that the case turned on the question whether the danger was

obvious to plaintiff, considering his youth and inexperience, and, if not, whether he had been properly instructed and warned against the danger.    When the trial judge directed the attention of the jury to the evidence respecting the prohibition of plaintiff from doing the act whereby he received his injury, he accompanied his statement with language which plainly showed that he deemed the prohibition immaterial, unless it also pointed out the danger from which the prohibition was designed to preserve the plaintiff.

If defendants were entitled to have the jury instructed in the substantial terms of that request, they ought to be allowed a new trial.

When an employe receives an injury which has been brought about by his willful violation of rules laid down by the employer and within the knowledge of the employe, he cannot hold the employer liable.   This doctrine is in accord with the principles governing the liability of masters to servants, and has been announced in many cases which are collected in 14 *Am. & Eng. Encycl. L.* 908.    In none of the cases is it intimated that the employe must be informed of the reason of the rule or have explained to him the danger to which its violation would expose him.   The doctrine would be deprived of any practical application if the immunity of the master would not exist except the servant knew the danger, for if that danger was patent and obvious, it was one which the employe took the risk of when he entered the service ; if it was latent and non-obvious, then, upon the employer's disclosure of the danger to him, the employe also took the risk of it.    Therefore it would be of no consequence that the avoidance of the danger was enforced by a regulation or a prohibition.

In my judgment, so far at least as adult employes are concerned, an injury received by one of them as the direct result of willful disobedience of rules or willful violation of prohibitions laid down by the employer and known to the employe, is an injury which the employe brings upon himself by his own act and for which the employer is in nowise re-

sponsible, even though the employe was ignorant of the danger to which his act would expose him.

But it is urged that the doctrine is not properly applicable to employes who are minors. I am unable to discover any distinction in this respect between employes who are adults and those who are minors. If the regulations are brought to the attention of the minor, and they are clear and explicit, the violation of them is the voluntary act of the employe, which, if it produces injury, ought not to charge the employer. For this reason I think defendants were entitled to the charge in this respect which they requested.

It may be added that had I reached a different conclusion, I should still think that the jury should have been instructed as requested. As has been stated, if plaintiff's account was accepted, the jury might infer that he did not appreciate and comprehend the full danger to which one was exposed who did the act in doing which he received his injury. But it is clear that he must have perceived that there was some danger in doing it. The prohibition against doing that act was therefore addressed to one who did have some knowledge of its danger. In this aspect of the case it resembles the case of *Beckham* v. *Hillier*, 18 *Vroom* 12. There a minor employe was killed, presumably by being caught in a belt which he was attempting to adjust alone, after having been instructed not to do so without the assistance of another workman. Mr. Justice Dixon, speaking for this court, said: "Beckham, however, did not ask for aid, but alone attempted to adjust the belt. In so doing we think he acted at his own peril. Even if, as is claimed, he had not been apprised of the exact nature of the hazard, yet he knew that the operation was dangerous, and his disregard of the precautionary direction, manifestly intended for his greater security, was culpable negligence, which relieved defendants from responsibility."

The result reached relieves us from considering the other reasons relied on for a new trial.

Let the rule be made absolute.