ALICE MELLON, DEFENDANT IN ERROR, v. VICTOR TALK-
ING MACHINE COMPANY, PLAINTIFF IN ERROR.

Argued March 18, 1909—Decided June 14, 1909.

1. It is error for a trial court, in an action of negligence, to refuse a
request of defendant's counsel that accurately points out to the
jury the concrete question of fact with respect to which the
parties differ but upon the existence of which the negligence of
the defendant is predicated.   A statement to the jury, in lieu of
such request, of a general rule of law in general terms is not an
adequate substitute for a specific charge upon the concrete ques-
tion the jury is to pass upon in the given case.
2. The case of *Card* v. *Wilkins*, 32 *Vroom* 296, applied.

On error to the Supreme Court.

For the plaintiff in error, *Gaskill & Gaskill*.

For the defendant in error, *John F. Harned* and *John W.
Wescott*.

The opinion of the court was delivered by

GARRISON, J.   The defendant in error was injured while
working upon one of the presses of the plaintiff in error by
the dropping of the upper die upon her hand.   The negligence
attributed to the master was the looseness of the belt that
operated the top die.   The plaintiff, the sole witness to the
accident, testified to the looseness of the belt, and that "it
was the looseness of the belt that caused the trouble."   Her
counsel, in their brief, contend that "the jury must say
whether the slipping of the belt contributed to the fall of the
press."   Counsel for the plaintiff in error, recognizing the
precise point of the case, requested the court to charge the
jury: "There can be no recovery in this case unless you be-
lieve that the looseness of the belt and its consequent slipping
caused the upper plate of the die to drop or fall upon her
hand."

This was a proper request. To refuse so to charge would be error. The only question is whether this request was denied or whether it was charged. It was formally denied and an exception sealed, so that error was committed unless the request was, in effect, charged. This, however, was not done. Nowhere in the charge is the attention of the jury directed to the substance of this request, for not once does the charge refer to the alleged ground of the master's negligence or even make mention of the looseness of the belt or its causal relation to the plaintiff's injury. The language of the charge is: "The claim of the plaintiff in this instance is that the defendant company was negligent in not providing her with safe machinery or a fit machine with which to work, and that because of such negligence her hand was caught in the manner which has been described. Now, if this accident was caused by the negligence of the defendant in not providing a safe machine, and she received this injury without negligence on her part in operating the machine, she is entitled to recover a verdict at your hands."

The statement of the plaintiff's claim in this general way was not an adequate substitute for the defendant's specific request. At the juncture when the case was submitted to the jury the claim of the plaintiff did not rest in generalities; it had been by the testimony reduced to a specific question of fact upon the existence of which the negligence of the defendant was predicated. One of the important, if not the most important function of the charge of the trial court, in an action of negligence, is to point out to the jury the question of fact with respect to the existence of which the parties differ, but upon the establishment of which the negligence of the defendant depends. The legal duty of the defendant is, as a rule, ascertained by the court itself from the general principles of the law of negligence, and, being so ascertained, is declared to the jury, but whether or not such duty has been neglected in the given case depends upon the existence or non-existence of one or more concrete facts which is the question the jury is to pass upon. The mere omission of a trial court to point out to the jury the question of fact it is thus

to decide may not in a legal sense be erroneous, but the refusal of the court so to do, when properly and specifically requested, is error that requires reversal. *Aldrich* v. *Peckham,* 45 *Vroom* 711.

The judgment brought up by this writ of error must therefore be reversed, and, inasmuch as a *venire de novo* may be awarded, it is well to draw attention to the fact that the plaintiff testified that the gauge or gate was out of order, and that she had been told, when instructed how to operate the press, "not to operate the press if the gauge or gate was out of order." The case was thus brought under *Curd* v. *Wilkins,* 32 *Vroom* 296, in accordance with which the defendant's motion for a nonsuit should have been granted.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, J.J.   15.