ANDREW HORANDT, ADMINISTRATOR, &c., OF FRANK HORANDT, DECEASED, PLAINTIFF IN ERROR, v. ABRAHAM ROSENTHAL, DEFENDANT IN ERROR.

Submitted December 8, 1910—Decided March 13, 1911.

1. With respect to dangers of the employment, which are known to the master or would be known to him by the exercise of reasonable care, but which the minor servant, because of his immature judgment and inexperience cannot reasonably be expected to know and appreciate, it is the duty of the master to explain to the minor servant fully the hazards and dangers connected with the business and to instruct him how to avoid them.
2. The doctrine that an employe cannot recover when he receives an injury which has been brought about by his willful violation of rules laid down by the employer for the safety of his employe, and within the knowledge of the employe, does not debar recovery by an employe who merely violates an instruction given to him only for his guidance in carrying on the work, and without knowledge of any danger involved in its violation.

---

On error to the Supreme Court.

For the plaintiff in error, *James G. Blauvelt.*

For the defendant in error, *Marshall Van Winkle.*

The opinion of the court was delivered by

TRENCHARD, J.  This writ of error brings up a judgment upon a verdict directed for the defendant at the Bergen Circuit.

The action was brought by the administrator of Frank Horandt, deceased, to recover damages for his death.

The gravamen of the action is the failure of the defendant to warn and instruct the decedent of the dangers of the work in which he was engaged, which were known to the defendant and unknown to the decedent.

The evidence upon the part of the plaintiff at the trial would have justified the jury in finding the matters of fact following:  The decedent was employed by the defendant to work at melting lead used in the manufacture of umbrella handles in the defendant's umbrella factory.  This work required him to put small pieces of lead into a melting pot, to conduct the melting, and to pour the lead into forms.  The lead used from time to time to keep up the process was in the form of pieces of lead pipe, a supply of which was kept nearby on the floor.  Most of these pieces of pipe had the ends closed, caused by their having been cut or chopped, which flattened the ends.  On the day of the accident, the decedent put one of these pieces, with the ends closed, into the pot and an explosion followed, which so seriously injured the decedent that he died within a few hours. The piece which caused the explosion was one of a number delivered the night before by a junk man in pursuance of the custom at the factory.  Upon examination afterwards, it was seen that the piece causing the explosion, which had been blown out of the pot, had been "split open" at one end, was closed at the other, and contained "a little moisture and some yellow material."  It was also found, upon opening several other pieces in the pile on the floor, that they contained water or sufficient moisture to cause an explosion, if, with both ends closed, they were subjected to the great heat of the molten mass.  It was also open to the jury to infer from other evidence that the defendant knew, and the decedent did not know, of the danger of an explosion from this source.  It further appeared that at the time of the accident the decedent was about

fifteen years old and had been there so employed for about one year, and that there had been no other explosion there during the term of his employment. It might also have been inferred from the evidence that this was the decedent's first employment.

While the record does not show it, yet it is agreed by counsel that, at the close of the plaintiff's testimony, the defendant moved for a nonsuit upon the ground that there was no proof of failure to instruct and warn the decedent of the danger. That motion was denied, the judge saying that he would permit the defendant to show such warning and instruction. This the defendant undertook to do, and did not procure the sealing of an exception to such judicial action. We are, therefore, not now concerned with the legal propriety of such ruling.

At the conclusion of the defendant's proof, the learned trial judge directed a verdict for the defendant, upon the theory that it then conclusively appeared that the defendant had adequately warned and instructed the decedent. That action is assigned for error.

We are of the opinion that the direction of the verdict was erroneous.

With respect to dangers of the employment which are known to the master or would be known to him by the exercise of reasonable care, but which the minor servant, because of his immature judgment and inexperience cannot reasonably be expected to know and appreciate, it is the duty of the master to explain to the minor servant fully the hazards and dangers connected with the business and to instruct him how to avoid them. *Smith* v. *Irwin,* 22 *Vroom* 507; *Addicks* v. *Christoph,* 33 *Id.* 786; *Tittlebaum* v. *Progressive Paper Box Co.,* 48 *Id.* 596.

The defendant apparently concedes that such duty rested upon him, and at the trial he undertook to prove that he had performed it. Now, the extent of the instruction given is exhibited by the testimony of the defendant himself. He testified that at the time of hiring he said to the decedent, "You must always be careful when melting lead and hot pieces to see that your pipes are open; * * * to see that they are

clean; that there is no dirt or water inside. * * * That's the instruction I gave; that both ends should be opened and that nothing should go into the pot unless it was clean and dry. That was all the conversation I ever had with him on the subject. * * * That was the only instruction the foreman gave."

It was, therefore, clearly open to the jury to conclude that this was all that was said to the decedent in the way of warning and instruction. Hence they might well have found that no explanation whatever was given to him as to the hazard and danger which he encountered in doing the thing which resulted in the explosion. In such situation it was erroneous to withdraw the case from the jury upon the theory that it conclusively appeared that adequate warning and instruction was given.

The record does not disclose any other ground upon which the direction of a verdict may be supported. It may be well to point out that it could not be justified upon the theory that the decedent's injury was brought about by his willful violation of his master's instructions as to the method of work. We have not overlooked the fact that in *Card* v. *Wilkins*, 32 *Vroom* 296, Chief Justice Magie, speaking for the Supreme Court, said: "When an employe receives an injury which has been brought about by his willful violation of rules laid down by his employer and within the knowledge of the employe, he cannot hold the employer liable. This doctrine is in accord with the principles governing the liability of masters to servants, and has been announced in many cases which are collected in 14 *Am. & Eng. Encycl. L.* 908. In none of these cases is it intimated that the employe must be informed of the reason of the rule or have explained to him the danger to which its violation would expose him." But reference to the encyclopædia shows that the citation is from the discussion of the *duty of the employer to promulgate rules for the reasonable protection of his employes,* and the precise citation is: "If an employe knowingly and intentionally disobeys a reasonable rule or regulation *established for his safety,* unless he does so under the influence of fear produced by sudden danger, and the act of disobedience

is the proximate cause of the injury complained of, he cannot recover." Both the text and the best considered cases show that the doctrine that an employe cannot recover when he receives an injury which has been brought about by his willful violation of rules laid down by the employer for the safety of his employe, and within the knowledge of the employe, does not debar recovery by an employe who merely violates an instruction given him only for his guidance in carrying on the work, and without knowledge of the danger involved in its violation. *Honlahan* v. *New American File Co.*, 17 *R. I.* 141; *Coombs* v. *Cordage Company*, 102 *Mass.* 572, 596. See, also, cases collected in note to 10 *Ann. Cas.* 152. In *Card* v. *Wilkins, supra,* and in *Beckman* v. *Hillier*, 18 *Vroom* 12, therein cited, and in *Mellon* v. *Victor Talking Machine Co.*, 48 *Id.* 670, 672, in this court, the prohibition that was violated was in each instance obviously intended for the safety of the employes. In the present case the jury might reasonably have found that the instruction which related to the method of carrying on the work was given for the benefit of the master (not for the safety of the employe), and was reasonably so regarded by the decedent. In such case it was also open to the jury to find that the decedent, in view of his youth and inexperience, had no adequate notice or understanding of the danger involved.

In any view of the case it was erroneous to withhold it from the jury.

The judgment of the court below will be reversed and a *venire de novo* awarded.

*For affirmance*—PARKER, BERGEN, VROOM, JJ.   3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ.   12.