JOHN FEIR, BY NEXT FRIEND, RESPONDENT, v. CHARLES
M. WEIL AND JOSEPH WHITEHEAD, APPELLANTS.

Submitted December 9, 1918—Decided March 3, 1919.

1. Under the Factory act (*Pamph. L.* 1904, *p.* 152) an action, for
injuries to a child under fourteen years of age, employed in
violation of the statute, based upon the common law liability of
the employer, may be maintained, where the breach of such
statute is the efficient cause of the injury, of which the plaintiff
complains. This is so, where the statute itself gives no civil
remedy or private right of action. The breach of such a statute
may be *prima facie* evidence of negligence. *Evers* v. *Davis*, 86
*N. J. L.* 196; *Hetzel* v. *Wasson Piston Ring Co.*, 89 *Id.* 201,
followed.

2. One who employs a child under fourteen years of age, in vio-
lation of the Factory act (*Pamph. L.* 1904, *p.* 152) does so at
his peril; unless at the time of the employment of the child, he
complies with the third section of the act. The proofs of age
required under that section shall be conclusive evidence of the
age of the child.

3. Whether it is practicable or not, to guard or cover machinery and
still operate it, is a jury question, where the facts are in con-
troversy.

4. The doctrine of estoppel *in pais*, as applied to infants is not
applicable to the facts of this case, viz., the employment of a
child under fourteen years of age in violation of the Factory act,
*Pamph. L.* 1904, *p.* 152. The case of *La Rose* v. *Nichols*, 91 *N.
J. L.* 355, distinguished.

On appeal from the Passaic County Circuit Court.

For the appellants, *Lindabury, Depue & Faulks.*

For the respondent, *Frank H. Pierce.*

The opinion of the court was delivered by

BLACK, J. The essential facts in this case, summarized
in brief, are: Some time in February, 1916, the plaintiff
was employed in the defendants' silk factory at Boonton,
N. J. Prior thereto, he had lived with his mother in Sha-
mokin, Pa. On October 26th, 1915, he applied to the school

authorities in Shamokin for an employment certificate; at
that time both the plaintiff and his mother advised the
school authorities that he was fourteen years nine months
and sixteen days old. Later he came to Boonton to live
with his uncle, who had been employed by the defendants.
The uncle applied to the defendants for employment for
the plaintiff. In reply to inquiries by defendants' super-
intendent, the uncle stated to him that the plaintiff was fif-
teen years old. Later the uncle brought the plaintiff to
the superintendent and upon inquiry as to the age of the
plaintiff, they both stated that the plaintiff was fifteen
years old, at the same time presenting the employment cer-
tificate from the superintendent of schools in Shamokin,
Pa., signed by the plaintiff, showing that on October 26th,
1915, the plaintiff was fourteen years nine months and
sixteen days old, which, at the time of his employ-
ment by the defendants in February, 1916, would make
him more than fifteen years old. Relying upon these rep-
resentations, the defendants employed the plaintiff and set
him to work as a bobbin boy. Subsequently, in the latter
part of September, 1916, while working on a spinning ma-
chine or frame in the defendants' silk factory, the plaintiff
testified that he was injured. The injury necessitated the
amputation of his left arm, at the elbow. Suit was insti-
tuted against the defendants to recover damages for the in-
jury sustained. The trial resulted in a judgment for the
plaintiff in the sum of four thousand dollars. At the
trial the plaintiff's age was given by testimony and by
his baptismal certificate, which not only states the date of
the baptismal ceremony, but also the date of birth (*Pamph.
L.* 1904, *p.* 152, ¶ 4), which was on the twelfth day of June,
1903, so that at the date of employment, in February, 1916,
the plaintiff was not thirteen years old. At the date of the
injury, in September, 1916, he was less than four months
past thirteen years old. The age of the plaintiff was
one of the issues submitted to the jury to determine; their
verdict in favor of the plaintiff determines that fact. The
defendants appeal, alleging seven grounds of appeal, which

are argued under three heads in the appellant's brief, which questions are all disposed of by a discussion of the meritorious or fundamental question involved in this case, viz., whether the employment of a child under fourteen years of age, in violation of the Factory act (*Pamph. L.* 1904, p. 152, ¶ 1) is evidence of negligence, out of which a right of action, based upon the common law liability of the employer may be maintained, when it is shown that the breach of such a statute was the efficient cause of the injury of which the plaintiff complains. The appellant attempts to meet this question in the brief, arguing that this fact is not sufficient to impose any civil liability for an injury sustained during the course of such employment. The statute in question merely provides for a penalty to be imposed by the state upon its violation, and does not itself give any private right of action, predicated upon its violation. The pertinent parts of the statute are paragraph 1: "No child under the age of fourteen years shall be employed, allowed or permitted to work in any factory, workshop, mill or place where the manufacture of goods of any kind is carried on; any corporation, firm, individual, parent, parents or custodian of any child who shall violate any of the provisions of this section shall be liable to a penalty of fifty dollars for each offence." Then follows in paragraph 3 provisions in reference to native-born children and foreign-born children, what proof of age at the time of the employment of a child shall be conclusive evidence of the age of a child, in a suit against such employer, for a violation of section 1 of the act, which, in this case, it is admitted was not followed or complied with.

The courts of the United States have quite uniformly held that an employment of a child in contravention of such a statute gives rise to an action, but the courts are not uniform or harmonious in the language used to clothe or express that rule of liability. Thus, some courts say that the employment in violation of the statute, is in itself either negligence *per se* or *prima facie* evidence of negligence,

while others say it is at least, presumptive evidence of negligence or conclusive evidence of negligence, or that the proof of the breach of the public statute will support a right of action.

As our research has revealed no case and none has been cited by the appellant in which the right of action has been denied, the exact expression of the rule, therefore, would seem to be unimportant. These attempts to formulate a rule, at best, are confusing rather than illuminating. The gist of civil liability is the negligence of the master in employing a person of such tender years; that the legislature has forbidden the employment. The cases are collected and carefully annotated in the case of *Elk Cotton Mills* v. *Grant,* 140 *Ga.* 727; 48 *L. R. A.* (*N. S.*) 657. Many, if not most, of the cases holding and stating the rule to be that such employment constitutes negligence *per se* or is *prima facie* evidence of negligence. *Koester* v. *Rochester Candy Works,* 194 *N. Y.* 92; *Inland Steel Co.* v. *Yedinak,* 172 *Ind.* 423. Proof of such employment, in violation of the statute, makes a *prima facie* case of negligence. *Fitzgerald* v. *International, &c., Co.,* 104 *Minn.* 138.

So, the employment of a child in violation of the statute, may itself be the proximate cause of the injury sustained by the child while engaged in the master's service. *Thomas Madden Son & Co.* v. *Wilcox,* 174 *Ind.* 657; *Casperson* v. *Michaels,* 142 *Ky.* 314.

The child may show that his injury resulted from the negligence of the master, merely by showing a violation of the statute, provided such violation contributed directly to the injury or was the efficient cause of the injury of which the plaintiff complains; that such proximate cause might arise from the fact of the child's immaturity, rendering the child incapable of appreciating the dangers in which he was placed. *Berdos* v. *Tremont, &c., Mills,* 209 *Mass.* 489. So, it has been held, that a child employed in violation of the statute is not chargeable with contributory negligence or with having assumed the risks of employment in such occupation.

*Lenahan* v. *Pittstown Coal Mining Co.,* 218 *Pa. St.* 311, 314; *Thomas Madden Son & Co.* v. *Wilcox, supra; Inland Steel Cc.* v. *Yedinak, supra.* So this court held in the case of *Hetzel, Jr.,* v. *Wasson Piston Ring Co.,* 89 *N. J. L.* 201, that under this act, now under discussion (*Pamph. L.* 1904, *p.* 152, ¶ 1), an action for injuries to a child employed in violation of the statute, based upon the common law liability of the employer, may be maintained, and said, its primary object, *i. e.,* the statute, is the protection of children who are too young to appreciate the dangers arising out of work in places such as those described in the act, and in order to make that protection complete, the legislature left no loophole for the escape from its provisions of either the employer or the parent. So, in an illuminating case in this court, *Evers* v. *Davis,* 86 *N. J. L.* 196, in which the Tenement House act of 1904 (*Pamph. L., p.* 96) was under discussion, it was held that the action of negligence was the proper remedy by which to obtain whatever benefit, upon common law principles inured to the plaintiff, from such a penal statute, which of itself gave no remedy or private right of action. Stating the question what is upon common law principles, the effect of statutes, such as the one under consideration, upon the action of negligence, said: The familiar expressions that the breach of such a statute is "negligence *per se*" or is "*prima facie* evidence" of negligence seems to postpone elucidation, rather than contribute to it, while the implication that proof of a breach of a public statute will support a private recovery, is positively misleading. This disposes of the point that it was error for the trial court not to nonsuit the plaintiff or direct a verdict for the defendants, because there was evidence from which it was permissible for the jury to infer negligence of the defendants. Of course it is not pretended that if the child was hurt or became sick from some cause entirely disconnected with his employment, the mere fact that there had been an employment in violation of the statute would give rise to an action in such a case. It was not error for the trial court to

refuse the defendants' requests to charge as follows: "The question is whether, under all the circumstances of the case, the employer was justified in believing that the plaintiff was of sufficient age to authorize his employment under the statute." Of like import was the third request to charge, which was refused. The statute itself answers the question adversely to the contention of the appellant. The language is mandatory, no child under the age of fourteen years shall be employed, allowed or permitted to work in any factory. *Contra* under the New York statute. *Koester* v. *Rochester Candy Works, supra.*

It is not a question of whether the employer believed the child was over the prohibited age, but whether or not he was. *De Soto, &c., Co.* v. *Hill,* 179 *Ala.* 186, 194. Again, if the statute is violated, the question is not whether the defendants exercised reasonable care in an effort to comply with the act, but where compliance is possible it is the only justification which the law will accept. *Lanahan* v. *Arasapha Mfg. Co.,* 240 *Pa. St.* 292. So the master must ascertain at his peril the true age of the child. *Inland Steel Co.* v. *Yedinak, supra,* 430; *American Car, &c., Co.* v. *Armentraut,* 214 *Ill.* 509, 514.

The trial court left it to the jury to say whether it was practicable to guard the machine, basing the charge upon the testimony of Mr. James A. Ranier, the superintendent of the defendant company for thirty-eight years, that it was practicable to cover the whole machine and still operate it. This under the evidence was a jury question. *Dix* v. *Union Ice Co.,* 76 *N. J. L.* 178. See *Mika* v. *Passaic Print Works, Id.* 561.

The only other point that calls for discussion is whether the doctrine of estoppel *in pais* applied to an infant by this court in the case of *La Rose* v. *Nichols,* 91 *N. J. L.* 355, is applicable. The doctrine of estoppel is not applicable, because, in the first place, it may be said, while not legally controlling, perhaps, the facts are entirely dissimilar; in that case the infant made a contract, the benefit of which he obtained and retained, the court held the minor will not be

permitted to set up the privilege of infancy. It is entirely settled that the contracts of infants are not absolutely void, but only voidable. But a more vital distinction than the mere dissimilarity of the facts may be found underlying the principle involved; thus, the doctrine of infancy, as a defence, is a creature of the common law. The legislature in its wisdom may depart from it. In this class of cases now under discussion the legislature under its police power has said there shall be no valid contract. The legislature has laid its hand alike upon the employer, the infant and the parent. This inhibition is based upon an economic principle beneficial to the state for the protection of child life and is aimed primarily at the employer. So we conclude that there is nothing in the doctrine of estoppel applied to infants in the case of *La Rose* v. *Nichols, supra,* which militates against the result which we have reached in this case.

This is in harmony with the cases in other jurisdictions on this point. *De Soto Coal, &c., Co.* v. *Hill, supra; American Car, &c., Co.* v. *Armentraut, supra; Krutlies* v. *Bull's Head Coal Co.,* 249 *Pa. St.* 162, 169; *Berdos* v. *Tremont, &c., Mills, supra* 489; *Syneszewski* v. *Schmidt,* 153 *Mich.* 438, 445; *Braasch* v. *Michigan Stove Co., Id.* 652; *Sims* v. *Everhardt,* 102 *U. S.* 300. This disposes of all the questions involved in this case. There being no error in the record, the judgment of the Circuit Court of Passaic county is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.