13 N.J. Super. 116 (1951)
80 A.2d 239
CHARLES EDWARD LUDWIG, BY HIS GUARDIAN AD LITEM, CHARLES E. LUDWIG, AND CHARLES E. LUDWIG, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
GEORGE KIRBY, FREDERICK BOHNE, RICHARD SYLSTRA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1951.
Decided April 13, 1951.
*119 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Maurice Levinthal argued the cause for the plaintiffs-appellants (Messrs. Ward & Levinthal, attorneys).
Mr. George F. Lahey, Jr., argued the cause for the defendant-respondent George Kirby (Messrs. Lahey & Gockeler, attorneys).
Mr. C. Stanley Smith argued the cause for the defendant-respondent Frederick Bohne (Messrs. Schenck, Price, Smith & King, attorneys; Mr. Francis J. Beyrent, of counsel).
Mr. James B. Emory argued the cause for the defendant-respondent Richard Sylstra (Messrs. Markley & Broadhurst, attorneys; Mr. Edward A. Markley, of counsel).
The opinion of the court was delivered by FREUND, J.S.C.
This action was brought to recover damages, by the plaintiff, Charles Edward Ludwig, a minor, 13 years of age, for injuries he sustained, and by his father, for medical expenses and loss of services. The appeal is from a judgment of dismissal entered in favor of the defendants, Bohne and Sylstra, upon the plaintiffs' opening to the jury; and in favor of the defendant, Kirby, at the conclusion of the plaintiffs' case. The Ludwig boy was assisting in the unloading of hay from an automobile truck and fell upon a concrete pavement. The action against all three defendants was based upon an alleged violation of the Child Labor Law, R.S. 34:2-21.1 et seq., and against Kirby, upon negligence as an additional cause of action.
Sylstra is the owner of a farm in Wyckoff, New Jersey, and Kirby is a dealer in hay. On August 4, 1949, Kirby was delivering two truckloads of hay to the Sylstra farm. One load *120 was on a trailer-truck owned by Kirby, and the other, on a truck owned by Bohne. On two prior occasions, the Ludwig boy had assisted Kirby in unloading hay for Sylstra, and each time had received 50 cents. On the morning of the accident, he was near the farm and saw the trucks approaching. He testified:
"Well, I went up to the barn after I saw the truck go up there, and I thought maybe I might be able to earn a little money, because I was going away in a couple of weeks. I wanted to have a little spending money for my trip. So I went up there and asked Mr. Kirby if I could help him work. * * * He said yes. He gave me permission. * * * He said it would be permissible; I could."
It was drizzling and Kirby decided to unload the Bohne truck first. It was backed into position against the barn, where an electric conveyor extended from the opening in the barn on to the front of the truck. The driver of the Bohne truck, Bird, placed the bales of hay on the conveyor, which carried them into the barn, where Kirby and Bohne received them. The plaintiff was helping to move the bales on the truck to enable Bird to place them on the conveyor, and for this purpose he was using a steel hook. He testified:
"I would get the hook into the bale, then pull the bale out of its position, and move it toward the conveyor, so that Mr. Bird could put it on the conveyor and then (it) could be put into the hay loft, where Mr. Bohne and Mr. Kirby were."
The plaintiff said the bales "were wet and heavy and hard to handle." Each bale measured about 1 1/2 feet by 3 feet, and there were five layers of bales stacked on the truck. While trying to move one of the bales, the Ludwig boy was injured when the hook slipped and he fell backwards eight or nine feet off the truck down to the concrete pavement.
The complaint charged that "the defendants herein employed, permitted and suffered plaintiff to work in, about and in connection with power-driven machinery and hoisting apparatus in violation of the Child Labor Laws of the State of New Jersey." The second paragraph of the complaint alleged *121 that the plaintiff's injuries were sustained "as a result of the negligence of all of the defendants herein and their violation of the laws and statutes of the State of New Jersey." There is no specification of the acts constituting negligence, either in the complaint or in the pre-trial order, other than the foregoing charges that the plaintiff, a minor, was employed or allowed to work as above-described, allegedly in violation of the Child Labor Law, R.S. 34:2-21.17. However, in his opening to the jury, the plaintiff's counsel said: "In addition to that (Child Labor Law), we will show you that Mr. Kirby employed the boy, violated the duty of an employer to the boy, who hires young, inexperienced children to do work that is essentially dangerous." On the argument for dismissal on plaintiffs' opening, plaintiffs' counsel said: "Now, as to Kirby, I think we have two causes of action: First, as his employer. Now, an employer has a common law duty to his servant to provide a safe place to work in, safe appliances, and safe conditions, and especially is that true when he employs young help or inexperienced help." And, finally, on the argument at the close of plaintiffs' case for direction of a verdict and judgment for Kirby, the plaintiff contended that the work performed by the Ludwig boy, an inexperienced person, constituted a dangerous occupation; that the defendant failed to provide a reasonably safe place for the boy to work; and that the facts presented a jury question. The court, however, ruled to the contrary.
The questions presented and argued on this appeal are: (1) Did the defendants violate the provisions of the Child Labor Law of New Jersey; and (2) Was a jury question presented respecting the common law liability of Kirby.
(1) The plaintiff charges specifically that the defendants violated R.S. 34:2-21.17 of the Child Labor Law, which provides that: "No minor under sixteen years of age shall be employed, permitted or suffered to work in, about, or in connection with power-driven machinery * * *." He contended that both the truck on which the hay was stacked and on which he was working, and the conveyor were "power-driven machinery," *122 and that the defendant, Kirby, employed him, and the defendants, Bohne and Sylstra, "permitted or suffered (him) to work in, about, or in connection with" such machinery. It is to be observed that not only employment of a minor under 16 years of age is prohibited, but also permitting or suffering him to do such work. Of course, the electrically operated conveyor is a "power-driven" machine within the meaning of the statute. For the purpose of argument, we concede, but do not admit, that the truck standing against the barn with its motor shut off and serving merely as a platform was a power-driven machine within the contemplation of the statute, and, further, that the chance service rendered by the Ludwig boy was intended to be encompassed within the provisions of the Child Labor Law. Nevertheless, we find no error in the dismissal of the complaint against the defendants for the alleged violation of the statute.
In Feir v. Weil and Whitehead, 92 N.J.L. 610 (E. & A. 1918), the court had before it for consideration the liability of the defendants to a minor plaintiff employed in violation of the Factory Act, the predecessor of the Child Labor Law. The court held that proof of employment in violation of the statute makes a prima facie case of negligence and said, "The child may show that his injury resulted from the negligence of the master, merely by showing a violation of the statute, provided such violation contributed directily to the injury or was the efficient cause of the injury of which the plaintiff complains; that such proximate cause might arise from the fact of the child's immaturity, rendering the child incapable of appreciating the dangers in which he was placed." In Miller v. American Cyanamid Co., 61 F.2d 389 (C.C.A.3d 1932), suit was brought by a minor to recover for injuries sustained as a result of tripping on a cinder while carrying mail on the premises of the defendant, a manufacturer of chemicals. The basis of the suit was an alleged violation of the New Jersey Factory Law. The court, citing Feir v. Weil, supra, said: "There must be a causal relation[ship] between the prohibited employment and the injury. * * * It is not *123 enough, therefore, for the plaintiff to show a violation of the statute in his employment. He must go further and show that the violation had a causal connection with his injury and this he failed to do. The plaintiff's injury came not as a result of exposure to danger. There is no connection between the intendment of section 7 and the injury he sustained as a result of tripping on a cinder while carrying mail."
In the instant case, the plaintiff said that on two previous occasions, Kirby told him "Just to unload hay; get a hook and unload the hay," and on the date of the accident his work consisted only in moving the bales with the hook, and his injuries were sustained because while so doing he slipped and fell. It is obvious that there was no causal connection between his injury and power-driven machinery.
(2) The employment of the minor plaintiff by Kirby was of the most casual nature. Casual employment is one which comes about more or less by chance, to meet the exigencies of a particular situation or a temporary emergency. Laspada v. Public Service Railway Co., 38 N.J.L.J. 102 (Essex Common Pleas 1915); Thompson v. Wagner, 103 N.J.L. 230 (Sup. Ct. 1927), affirmed 104 N.J.L. 198 (E. & A. 1927); Forrester v. Eckerson, 107 N.J.L. 156 (E. & A. 1930); Cierpik v. Borough of Manasquan, 2 N.J. Super. 110 (App. Div. 1949). The Workmen's Compensation Act, R.S. 34:15-36, defines casual employment "if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer as employment not regular, periodic or recurring."
The Child Labor Law, R.S. 34:2-21.2 et seq., permits the employment of minors under 14 years of age in agricultural pursuits, provided an agricultural permit is obtained. Here, no such permit was secured. The rule is well settled that it is the duty of an employer to provide his employee with a safe place to work and when a minor is involved, it is the duty of an employer to explain to him fully the hazards and dangers connected with the business and to instruct him how *124 to avoid them; that a minor servant is held to assume by his contract of employment only those risks of the service which are obvious to him or have been pointed out in a manner suited to his youth and inexperience. Smith v. Irwin, 51 N.J.L. 507 (E. & A. 1889); Addicks v. Christoph, 62 N.J.L. 786 (E. & A. 1899); Horandt v. Rosenthal, 81 N.J.L. 474 (E. & A. 1911).
In Smith v. Irwin, supra, the court quoted from the trial judge's charge an excerpt which had been taken from an acknowledged authority: "`Nor is this all. The master will not have discharged his duty in this regard unless the instructions and precautions given are so graduated to the youth, ignorance and inexperience of the servant as to make him fully aware of the danger to him, and to place him in substantially the same position as if he were an adult.'"
In Addicks v. Christoph, supra, the court after stating the foregoing doctrine, said, "The question then is, did the master in this case perform his duty under the rule as thus stated, or rather, was the question of his fair compliance with the rule, under the circumstances, left in such doubt as to be at least debatable, and hence a proper one to be submitted to the jury? * * * It seems to me that under all the circumstances the question of whether the defendants had performed their duty in pointing out to the plaintiff the dangers and hazards of the employment, and how to avoid them, in a manner suited to his youth and inexperience, was one about which opinions might reasonably differ, and hence was a proper one to go to the jury."
The plaintiff being a minor 13 years of age would only be required to have assumed those ordinary risks of the service which would be obvious to, or pointed out in a manner suited to, the comprehension of a youth of similar age, judgment and experience, and this too is usually a question for the jury to determine.
In short, the facts here presented are that on a rainy day, on top of a truck eight or nine feet above the ground, a 13-year-old boy, with no warning or instructions, *125 was assisting in unloading baled hay by the use of a steel hook. In such a posture, it would seem that reasonable men might differ as to whether or not the minor had a safe place to work, whether the risk of the service was obvious to a boy of his youth and inexperience or should the hazards have been pointed out to him. On a motion for judgment for the defendant at the close of the plaintiffs' case, the court must take as true all evidence which supports the plaintiffs' view and must give it the benefit of all legitimate inferences to be drawn therefrom. Gentile v. Public Service Coordinated Transport, 12 N.J. Super. 45 (App. Div. 1951). By its judgment for the defendant Kirby, the court determined as a matter of law that he was not negligent. In this respect, we think the court erred, since the question was at least debatable and hence a proper one for the jury.
The judgment in favor of the defendants, Bohne and Sylstra, is affirmed, with costs; and the judgment in favor of the defendant, Kirby, is reversed and a venire de novo ordered, costs to abide the event.