CHARLES WAYNE MAY, BY AND THROUGH HIS NEXT FRIEND, MARY MAY v. HENRY W. MITCHELL, JR.

No. 7017SC442

(Filed 26 August 1970)

1. Negligence § 29— evidence of negligence — directed verdict — consideration of evidence

   In determining whether a judgment directing verdict for the defendant may be sustained on the ground of insufficient evidence to show defendant's actionable negligence or because the evidence estab-

lishes the plaintiff's contributory negligence as a matter of law, all of the evidence which tends to support plaintiff's claim must be taken as true and considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference which legitimately may be drawn therefrom.

**2. Negligence § 35— contributory negligence — sufficiency of the evidence**

Unless plaintiff's own evidence so clearly establishes his contributory negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn therefrom, the issue of contributory negligence is for the jury.

**3. Negligence § 29— towing tractor — injury to plaintiff — negligence in hooking tow chain**

In an action by a 17-year-old plaintiff to recover for injuries sustained when the tractor on which he was driving at defendant's request overturned while he was attempting to tow another tractor belonging to defendant, there was ample evidence to support a jury finding that defendant's negligence in hooking the tow chain to the rear axle of the tractor driven by plaintiff, rather than to a tow-bar, proximately caused plaintiff's injuries, there being expert testimony that hooking the chain to the axle increased the likelihood that the towing tractor would turn over.

**4. Evidence § 19— proof of prior facts by existing facts**

In an action by a 17-year-old plaintiff to recover for injuries sustained when the tractor on which he was driving at defendant's request overturned while he was attempting to tow another tractor belonging to defendant, testimony by plaintiff's brother that when he observed the tractor some three to three and one-half hours after the accident the towing chain was attached around the axle housing of plaintiff's tractor, *held* sufficient under the evidence of this case to support a reasonable inference that the tow chain had been attached around the axle at the time of the accident.

**5. Negligence § 35— towing tractor — injury to plaintiff — contributory negligence**

In an action by a 17-year-old plaintiff to recover for injuries sustained when the tractor on which he was driving at defendant's request overturned while he was attempting to tow another tractor belonging to the defendant, the evidence was insufficient to establish the plaintiff's contributory negligence as a matter of law, where (1) the defendant gave plaintiff no warning as to how the towing chain was attached to plaintiff's tractor, (2) the plaintiff did not observe the manner in which the chain was attached, and (3) the plaintiff's previous experience in operating the tractor was questionable, while the defendant was an expert in the operation of farm machinery.

**6. Master and Servant §§ 25, 26— youthful farm employee — farm machinery — duty of owner**

If by reason of youth and inexperience the operator of farm machinery does not realize or is not aware of the danger to which he is exposed, it is the duty of the employer to warn him of his peril.

APPEAL by plaintiff from *McConnell, J.*, 9 March 1970 Civil Session of ROCKINGHAM County Superior Court.

This action was instituted 21 August 1967 to recover damages for injuries sustained by the minor plaintiff in an accident involving a farm tractor on 19 January 1967.

At the conclusion of plaintiff's evidence defendant moved for a directed verdict on the grounds that the evidence failed to show any actionable negligence on the part of the defendant and established, as a matter of law, the negligence of the minor plaintiff as a proximate cause of his injuries. This motion was denied. At the conclusion of all the evidence an identical motion was made and was allowed. Plaintiff appealed.

*Gwyn, Gwyn & Morgan by Allen H. Gwyn, Jr., for plaintiff appellant.*

*W. T. Combs, Jr., for defendant appellee.*

GRAHAM, J.

[1, 2]  In determining whether a judgment directing verdict for the defendant may be sustained on the grounds of insufficient evidence to show actionable negligence on the part of defendant or because the evidence establishes the plaintiff's contributory negligence as a matter of law, we are guided by the same principles that prevailed under our former procedure with respect to judgments of nonsuit. See *Musgrave v. Savings & Loan Association*, 8 N.C. App. 385, 174 S.E. 2d 820. All of the evidence which tends to support plaintiff's claim must be taken as true and considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference which legitimately may be drawn therefrom. *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47. And unless plaintiff's own evidence so clearly establishes his contributory negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn therefrom, the issue of contributory negligence is for the jury. *Jernigan v. R.R. Co.*, 275 N.C. 277, 167 S.E. 2d 269.

[3]  The evidence here, taken in the light most favorable to the plaintiff, tends to show the following:

On 19 January 1967 defendant, a farmer and an experienced mechanic, was the owner of two farm tractors. One was a Farmall Super-A (Farmall) designed for cultivation of crops.

The second was a much heavier Ford diesel tractor (Ford) which was built lower to the ground and was designed for heavier pulling. After unsuccessfully attempting to crank the Ford, defendant employed the minor plaintiff, a 17 year old neighbor, to assist him in getting it started. Defendant, outside the presence of the plaintiff, hooked the front of the Ford to the rear of the Farmall with a chain. His plan was to have plaintiff operate the Farmall and pull the Ford which defendant would attempt to start by letting out the clutch and engaging the gears, once the tractors had reached a sufficient speed. Following defendant's instructions, the minor plaintiff drove the Farmall tractor to level ground where it started spinning because of sleet and ice. Defendant then directed plaintiff to drive the tractor to the edge of a field to avoid the ice. When the Farmall had traveled about 10 to 15 feet in the field, its front suddenly reared up and completely over, causing the tractor to fall backward on the minor plaintiff and resulting in his serious injury. The accident occurred about 8:30 or 9:00 a.m.

The minor plaintiff's brother (who was also defendant's brother-in-law) testified that near lunch time on the day of the accident he observed the tractors. There was no draw bar on the Farmall and the chain was hooked to the rear axle housing on its left side. "[I]t was wrapped around the axle housing on the left side and hooked back into the chain. . . ." The other end of the chain was hooked to the front bumper of the Ford.

J. N. Perkins, a farm implement dealer in Reidsville, was properly qualified as an expert in the operation of tractors. He claimed extensive experience with the type of Farmall tractor owned by defendant. In answer to a properly phrased hypothetical question, Perkins expressed the opinion that under the recited evidentiary circumstances, the hooking of the tractors by attaching the tow chain around the left rear axle housing of the Farmall could have caused the Farmall to turn over. He explained his answer as follows:

> "The basis for my opinion is that hooking the chain around the rear axle housing is above the center of gravity, it is up high and the chain would have to come down to the Ford diesel and it would be above the center of gravity and could easily cause it to turn over and it is dangerous to hook it that way. As to how much lower the draw bar is than the axle on a Farmall Super-A, it is approximately ten inches. The purpose of a draw bar is to pull a heavy load by. The purpose of a draw bar is really to attach things to tow with.

The draw bar's function is to pull things by. The draw bar can be taken off the tractor, and it also can be put back on."

Defendant admitted in his adverse examination and in his testimony at the trial that the draw bar was not on the Farmall at the time of the accident, and also that it would be dangerous to put a tow chain around the rear axle housing of the Farmall. He denied, however, that he had hooked the chain in such a manner, contending that he had hooked it to the bolts where the draw bar ordinarily fastens.

[4] Nowhere in defendant's brief does he contend that hooking the tow chain to the rear axle housing of the Farmall would not, under the circumstances here presented, constitute evidence of actionable negligence on his part. He argues, however, that there is no evidence that he connected the chain in this manner, contending that no inference can be drawn from the position of the tow chain after the accident as observed by the minor plaintiff's brother.

It is generally true "that mere proof of the existence of a condition or state of facts at a given time does not raise an inference or presumption that the same condition or state of facts existed on a former occasion." *Childress v. Nordman*, 238 N.C. 708, 712. 78 S.E. 2d 757. However, this general rule is not of universal application. *Jenkins v. Hawthorne*, 269 N.C. 672, 153 S.E. 2d 339; *Miller v. Lucas*, 267 N.C. 1, 147 S.E. 2d 537. In Stansbury, N. C. Evidence, 2d Ed., § 90, we find the following:

"Whether the existence of a particular state of affairs at one time is admissible as evidence of the same state of affairs at another time, depends altogether upon the nature of the subject matter, the length of time intervening, and the extent of the showing, if any, on the question of whether or not the condition had changed in the meantime. The question is one of the materiality or remoteness of the evidence in the particular case, and the matter rests largely in the discretion of the trial court. . . . There has been some reference in recent cases to a 'general rule' that inferences 'do not ordinarily run backward'; but so much depends upon circumstances that it seems a mistake to think in terms of a 'rule' with respect to this or any other of the many factors that must be considered."

In *Jenkins v. Hawthorne, supra,* and *Miller v. Lucas, supra,* the following is quoted with approval from 31A C.J.S., Evidence, § 140, pp. 306-307 (1964):

"Whether the past existence of a condition or state of facts may be inferred or presumed from proof of the existence of a present condition or state of facts, or proof of the existence of a condition or state of facts at a given time, depends largely on the facts and circumstances of the individual case, and on the likelihood of intervening circumstances as the true origin of the present existence or the existence at a given time.

Accordingly, in some circumstances, an inference as to the past existence of a condition or state of facts may be proper, as, for example, where the present condition or state of facts is one that would not ordinarily exist unless it had also existed at the time as to which the presumption is invoked."

[3] The testimony of the minor plaintiff's brother, taken in the light most favorable to plaintiff, shows that when he observed the tractors some three to three and a half hours after the accident, the chain was attached around the axle housing of the Farmall. His testimony was corroborated by photographs taken by defendant's business partner on the same day. At that time the two tractors were still hooked together with the chain. They were still in the field where the accident occurred. The Farmall was still overturned. There is nothing in the evidence to indicate the likelihood that they had been moved since the accident, or that anyone had removed the chain from the point of the bar bolts, where defendant contends it had been attached, and reattached it around the rear axle housing. The jury could reasonably infer from such evidence that when defendant attached the chain to the Farmall immediately before the accident, he did so by hooking it around the rear axle housing. In our opinion there was ample evidence to support a finding that defendant's negligence proximately caused the minor plaintiff's injuries.

[5] It is our further opinion that the evidence fails to establish conclusively the minor plaintiff's contributory negligence as a matter of law. The record reflects that no warning was given the minor plaintiff by defendant as to how the chain was attached or as to any of the incidental dangers resulting therefrom, and that the minor plaintiff did not himself observe the manner in which the chain was attached. "It has been stated generally that a farm employee, before he may be treated as assuming the risks of his employment, must (or reasonably should) have been aware of the dangers involved and, in addition, must (or reasonably should) have appreciated the danger and risk connected with the defective conditions leading to his injury; *and*

*that in case of any doubt the question is ordinarily one for the jury."* Annot., 67 A.L.R. 2d 1120, 1142-1144 (1959). (Emphasis added).

At the time of the accident, the minor plaintiff was 17 years of age and the extent of his previous experience in operating the Farmall tractor was questionable. Defendant, who was 41 years of age at the time of trial, admitted that he was an expert in the operation of farm machinery. Whether, as contended by defendant in its motion for a directed verdict, and as recited in the court's judgment, the minor plaintiff was negligent in failing to push in the clutch and release the gears, to put on the brakes, to close the throttle, to put the tractor out of gear with his hand, or to cut off the ignition when the tractor started to raise, is not a matter to be determined by the court. The minor plaintiff testified: "I felt a jerk and I looked back and he hollered and that is all I remember about it. It all happened so fast." Defendant testified: "[A]bout the time the Ford diesel got in the field good the Super-A started to rise and that is when I hollered at him, just hollered at him to hold it, to hold it, or something like that. He came off it and landed on his feet behind it and that is when he put up his hands, I reckon, I'm not sure. It was so quick, he put up his hands like he was going to catch it, the right hand." This evidence certainly does not establish, as a matter of law, any reasonable opportunity for the minor plaintiff to take any of the necessary acts to extricate himself from danger before the tractor turned over.

[6] We further note that the evidence does not show that the minor plaintiff was advised by defendant as to what action to take in the event the tractor started to overturn in the manner described. If by reason of youth and inexperience, the operator of farm machinery does not realize or is not aware of the danger to which he is exposed, it is the duty of the employer to warn him of his peril. *Lund v. Knoff,* 85 N.W. 2d 676 (N.D. 1957), 67 A.L.R. 1110, 1134; *Cathey v. DeWeese,* 289 S.W. 2d 51 (Mo. 1956); *Shaw v. Kendall,* 114 Mont. 323, 136 P. 2d 748; *Ludwig v. Kirby,* 13 N.J. Super. 116, 80 A. 2d 239.

Whether the minor plaintiff had independent knowledge as to what to do to bring the Farmall under control if it started to rear up and had reasonable time and opportunity under the circumstances to take the necessary action are questions to be resolved by a jury.

For the reasons set forth, the judgment must be reversed.

Reversed.

BROCK and MORRIS, JJ., concur.