LEROY THOMPSON, PETITIONER-RESPONDENT, v. CHARLES WAGNER, PROSECUTOR.

Submitted May 14, 1926—Decided January 25, 1927.

A laborer, hired in the open market at a stipulated sum per hour to aid in removing a fall of snow from railroad tracks, subject to discharge at any time and in any event when the snow should be cleared, *held,* to be under casual employment and not within section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134), as amended.

---

On *certiorari* to award by the Court of Common Pleas in a workmen's compensation case.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *McDermott, Enright & Carpenter.*

For the respondent, *Raskin & Hornstein.*

The opinion of the court was delivered by

PARKER, J. Two points are made in this case—the *first,* that the accident is not shown to have arisen out of and in the course of the employment; the *second,* that the employ-

ment on the undisputed facts was a casual one, and that the case was therefore not within the statute, paragraph 23 of the act. *Pamph. L.* 1911 (at *p.* 144), as amended *Pamph. L.* 1913 (at *p.* 312), and, again, amended in *Pamph. L.* 1919 (at *pp.* 211, 212).

We shall assume for present purposes that the accident arose out of and in the course of the employment, but nevertheless conclude that the award should be set aside because in our opinion the employment was a casual one.

The material facts are that a snowfall had cumbered the tracks of the Erie Railroad Company, and that Wagner, who, apparently, was connected with that company as an independent contractor, was charged with the duty of having the snow cleared off. There was no regular working force assigned to such duty; the practice was to take on by the day or hour any able-bodied unemployed men who might present themselves or were known to be available, set them to work with shovels, &c., and as soon as the snow was cleared, discharge them. The case does not show how long a time was required in this instance to do the work.

The petitioner was hired like any other man standing idle in the market place; his pay was fifty cents an hour. There was no claim that he was held in reserve, that there was any regularity about his being called on, or any recurrence of employment at all, as in *Sabella* v. *Brazileiro,* 86 *N. J. L.* 505; *affirmed,* 87 *Id.* 710; the case simply shows that a snowfall occurred; that outside chance laborers were needed to clear it off, and that petitioner was hired as one of these chancemen. He was injured on the very day that he went to work by the shovel of another man striking his finger, making it bleed; and for lack of proper treatment gangrene set in and he lost his finger. He worked all or part of the second day and stopped because of the injury.

In *Laspada* v. *Public Service Railway Co.,* 38 *N. J. L. J.* 102, Judge Osborne, in the Common Pleas, held that shovelling snow under circumstances substantially identical with those of this case was a casual employment. That case was decided in 1915, at which time the statute merely used the language "exclusive of casual employments" without any at-

tempt at· definition. In 1919 the legislature added to the words "casual employments" the following: "Which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer as employment not regular, periodic or recurring." The commissioner, who heard the case, giving due weight to the cited decision, considered that the amendment of 1919 had altered matters in such wise that the decision was no longer a valid precedent. However this may be, we think the Laspada case was well decided, and are unable to see that the language added to the statute and quoted above operates to make the petitioners employment other than casual. It was, of course, "in connection with the employer's business;" and, consequently, the question is whether it was employment "the occasion for which arose by chance, or was purely· accidental;" if either, it was casual. We think it was plainly the first, if not, the second. Whether there was occasion for it depended entirely on whether a snowfall should occur. This was of course likely to occur at some time in the winter season, but not certain,· and should it occur, the time of occurrence depended wholly on vicissitudes of atmospheric conditions.

We conclude, therefore, that the employment was clearly casual, even under the definition laid down in the statute; and, consequently, the award will be set aside.