FIRE COMMISSIONERS OF FIRE DISTRICT No. 2, OF TOWNSHIP OF MOORESTOWN, NEW JERSEY, PROSE-CUTOR, v. WILHELMINA A. MORRIS, RESPONDENT.

Argued October 3, 1933—Decided January 26, 1934.

Before Justices Parker, Lloyd and Perskie.

For the prosecutor, *Carr & Carroll*.

For the respondent, *Asa M. Stackhouse* and *Louis B. LeDuc.*

PER CURIAM.

The writ is to review a judgment of the Common Pleas Court of Burlington county which affirmed a finding of the workmen's compensation bureau. The judgment was in favor of the employe and the employer has the writ. Substantially the only reason, variously phrased, for reversal is that the death of Joseph H. Morris, husband of the petitioner, did not arise out of and in the course of his employment.

Morris was a member of the volunteer fire department of the township of Moorestown and up to the time of his death was in apparent good health, although of overweight. He was forty-eight years of age. On the evening of the 7th of March, 1932, the fire alarm signal sounded and Morris, having just eaten a hearty dinner, ran rapidly from his home to the firehouse, a distance of four hundred yards. On arriving at the firehouse, and while attempting to start the fire engine, he was seen to slump over the steering wheel. He was taken to a physician for treatment and an examination disclosed that death had already taken place. Medical testimony on behalf of the petitioner was to the effect that death was due to dilation of the heart caused by the unusual strain of hurrying to the firehouse; on behalf of the prosecutor that death was due to natural causes, having no relation to the strain incident to the hurried effort to reach the firehouse.

Against the prosecutor's proofs is the coincidence of the exertion under forbidding conditions and the ensuing death, circumstances to which we cannot close our eyes. We think the evidence amply sustained the finding of the deputy commissioner and the finding of the Common Pleas Court. That the death was incident to the employment there can be no doubt, and we think it equally clear that it arose out of and in the course of the employment. The hurry in reaching the firehouse was a natural and indeed necessary act in meeting an emergency where haste was essential. A person past middle age, with full stomach and of excess weight, undergoing unusual physical exertion may not unnaturally anticipate

serious effects upon the heart. That the collapse and subsequent death occurred at the termination of his efforts to reach the firehouse is highly persuasive that they were due to this cause.

We agree with the result reached in the court below and the judgment is affirmed, with costs.