NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

SAM SWANN, PETITIONER, v. THE TOWN OF MONTCLAIR, RESPONDENT.

Decided February 26, 1941.

For the petitioner, *Nathaniel Alper* (*Herman M. Wilson*, of counsel).

For the respondent, *Charles H. Hanks*.

\*      \*      \*      \*      \*      \*      \*

Three major issues which may be briefly summarized as follows:

Did the petitioner meet with an accident, which arose out of and within the course of his employment?

Is the petitioner's present disability the result of an accident?

Was the petitioner a casual employe?

The petitioner contends that he had been employed by the town of Montclair for some ten years; that between February 15th and 18th, 1940, he was exposed to unusually severe weather conditions, cold, sleet, snow and wind; that he worked abnormally long hours under these trying conditions. As a result of this great effort and exposure he did on February 18th, 1940, suffer a cerebral hemorrhage, which resulted in a paralysis, which now permanently and totally disables him.

That the petitioner was so exposed is not disputed, and is corroborated by the testimony of respondent's witnesses.

The testimony of Ambrose Durnie, timekeeper, employed by the town of Montclair, reflects that petitioner worked as follows during period previous to alleged accident:

February 15th—Twelve midnight to eight A. M.   Five-thirty P. M. to nine P. M.

February 16th—Eight P. M. to twelve midnight.

February 17th—Twelve midnight to ten A. M.

February 18th—Seven-thirty A. M. to twelve noon.

His duties during the above hours was snow shoveling or assisting in the removal of snow.

Respondent contends, however, that this does not constitute an accident within the purview of the Workmen's Compensation act. With this contention we cannot agree. In the case of *Ciocca* v. *National Sugar Refining Company of New Jersey*, 124 *N. J. L.* 329; 12 *Atl. Rep.* (*2d*) 130, the Supreme Court held:

"A compensable accident arises out of the employment when the proofs show that (1) the employment was one of the contributing causes without which the accident would not have happened and (2) that the accident was one of the contributing causes without which the injury or death would have not resulted."

In *Bollinger* v. *Wagaraw Building Supply Co.*, 122 *N. J. L.* 512; 6 *Atl. Rep.* (*2d*) 396, the Court of Errors and Appeals held:

"The requirement that the injury or death arise by accident, under the statute is verified, if the claimant discharges the burden of proving that the condition complained of, *i. e.*, the injury or death is related to or affected by the employment. This is to say, if but for the employment it would not have occurred." See, also, *Hentz* v. *Janssen Dairy Corp.*, 122 *N. J. L.* 494; 6 *Atl. Rep.* (*2d*) 409.

In view of these circumstances, I feel that the petitioner did meet with an accident which arose out of and within the course of his employment.

Supporting the contention that the disability was a result of his accident, petitioner offered the testimony of Drs. Sanford, Dowd and Blumberg. In reply to a hypothetical question, setting forth the pertinent facts in these proceedings, both Drs. Dowd and Blumberg, specialists in neurology, expressed the opinion that the stress and strain superimposed upon the petitioner by reason of his long hours, arduous work and severe exposure were the precipitating cause of his present condition, which in their opinion, is permanently and totally disabling.

To rebut this the respondent offered the testimony of Drs. Maurice Cohen and J. W. Howard.

After carefully considering the testimony in connection with this aspect of the case, I feel that the petitioner's contention is supported by a greater preponderance of the evidence, and, therefore, find and determine that the petitioner did in fact suffer the injuries arising by reason of his accident, which caused a permanent and total disability.

On the next issue, which is the one most vigorously urged by the respondent, the testimony of the petitioner indicates that while he had been employed by the town of Montclair for more than ten (10) years, his work had been confined to the water department. On February 15th, 1940, he states that he was directed by his superior, one Mr. Borgen, to report for snow cleaning, and did so. This testimony is not contradicted, nor was any evidence offered to refute it. Under such circumstances the petitioner was carrying out the directions of his superior. We cannot agree, therefore, that any new employment was created, nor that there was in fact a severance of the old employment, for which relationship a new one was substituted.

The respondent's claim that the petitioner was a casual employe, because he worked in another department, and performed duties which by their very nature was created by an emergency, is untenable. A great many people employed by the respondent in various different departments all assisted through that period. This court cannot believe that the respondent, nor any of the parties, intended at the time these services were rendered, that there was to be a severance of the old relationship that existed, and the creation of a new one. If the petitioner had been one of the general public hired by the town of Montclair, specifically for this job, then under the law as stated in *Thompson* v. *Wagner,* 103 *N. J. L.* 230; 135 *Atl. Rep.* 800, such would have been a casual employment, but that situation does not obtain here.

The relationship of employer and employe in this case had come into existence many years before the occurrence of this accident; there was never a severance of that relationship. He continued on as an employe of the respondent. Under no stretch of the imagination can we place petitioner under the category of a casual employe. At all times under the

circumstances he would be an employe whose duties were "regular, periodic or recurring."

The respondent contends that as a town it has various departments—board of public works, water department, public safety, health, &c., and that employment in one individual department followed by a transfer or lending to another department constitutes a new contract of employment with this theory I cannot agree. The doctrine as enunciated in *Furey* v. *Thompson-Starrett Co.,* 1 *N. J. Mis. R.* 176, is still the law.

Furthermore, on this theory an employe of a large corporation having many departments could circumvent the act by a defense that the employes were not employes of the corporation but employes of a designated department, any transfer during an emergency was a new contract of hire.

In view of these circumstances, I find that the petitioner was not a casual employe.

I therefore, find and determine that the petitioner did on February 18th, 1940, meet with an accident, which arose out of and within the course of his employment; that as a result he suffered a period of temporary disability from February 18th, 1940, to May 20th, 1940; and as a result of the injuries aforesaid, petitioner suffered a permanent disability to the extent of 100 per cent. of total.

\*          \*          \*          \*          \*          \*          \*

JOHN C. WEGNER,
*Deputy Commissioner.*