WALTER CARR, DEFENDANT IN CERTIORARI, v. FEDERAL SHIP BUILDING AND DRYDOCK CO., PROSECUTOR IN CERTIORARI.

Submitted January 22, 1946—Decided February 4, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the prosecutor, *Stryker, Tams & Horner* and *William L. Dill, Jr.*

For the defendant, *Jacob S. Spiro* and *Joseph Moritz.*

The opinion of the court was delivered by

BODINE, J. This is a workmen's compensation case. In the Bureau there was an award. This was affirmed by the Court of Common Pleas. *Certiorari* was allowed. There is no question in the case as to the petitioner's injury. The sole question is whether it was due to an accident arising out of and in the course of his employment.

The petitioner testified that while climbing up a stepladder he felt cramps in his left leg, lost his balance and fell to the ground a distance of four or five feet; that he hit his head and injured his left arm.

Edward Ahrens, a sub-foreman under whom the petitioner worked, testified that when he first saw him on the day of the occurrence he was lying up against the bulkhead against the deck house, one leg under the back of the deck house and the rest of him was out from the deck house about seven feet from the base of the ladder. The men picked him up. The petitioner was assistant to a mechanic—he carried materials to the mechanic. There were no marks or scars on petitioner's body when Ahrens found him.

Joseph Dainoski, a registered nurse who answered the ambulance call, took the petitioner to St. Francis Hospital in

Jersey City. Petitioner complained of a tingling sensation in the fingers of his right hand and difficulty in moving his left leg and arm; he was drooling from the left side of his mouth. The nurse found no marks, bruises, scratches or bumps on his head or body. The record in the hospital diagnosed the case as one of cerebral hemorrhage.

If the petitioner had fallen four or five feet and struck his head, there would have been bruises and scratches on his head and body. Further, if he had fallen off the ladder it is difficult to understand how he could have been found seven feet away from it. A cerebral hemorrhage may occur without a blow of any kind. Unless all the probabilities are rejected and the petitioner's bare statement that he fell, which is not corroborated in any way, is accepted as conclusive, there is no way to sustain the judgment below. The probabilities, in the absence of any direct proof, must weigh in favor of the accident. This we do not think they do. *Azarowicz* v. *Metropolitan Beef Co.,* 118 *N. J. L.* 89; see, also, *Gilbert* v. *Gilbert Machine Works, Inc.,* 122 *Id.* 533.

The judgment is reversed, but without costs.