LORETTA TYLER, PETITIONER-RESPONDENT, v. ATLANTIC CITY SEWERAGE COMPANY, RESPONDENT-PROSECU-TOR.

Argued October 8, 1947—Decided March 4, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the petitioner-respondent, *Albert N. Shahadi (Harry Miller,* of counsel).

For the respondent-prosecutor, *Samuel Levinson.*

The opinion of the court was delivered by

WACHENFELD, J. The questions presented for determination in this workmen's compensation case are whether there was "an accident," and if so, was there a causal relationship between that accident and the subsequent death. The Bureau dismissed the petition but on appeal the Common Pleas reversed the dismissal.

William E. Tyler, aged fifty-six, had been employed by the prosecutor for about twenty years as a laborer and maintenance man. During the last five to ten years of employment he was given lighter work tending motor controls at a pumping station. In addition to those duties, every month or so for a week or two at a time he was subject to emergency call after working hours, i. e., nights and Sundays, to locate and clear up sewerage pipe stoppages. This was done by a long, flexible wire weighing about six pounds which was inserted into the sewerage pipe by one man at the front end and revolved in a rotating manner by another man.

While on such emergency detail on October 7th, 1945, in the early forenoon he was summoned with another employee to clear a stoppage in the sewer line in Atlantic City. At the first two manholes Tyler took the position at the open end of the pipe and guided the wire through the pipe. At the third manhole he took the position at the back end of the wire and proceeded to rotate it, turning it "pretty fast." After doing that for about four or five minutes without the pipe stoppage having been contacted, the fellow employee heard the wire drop on the street and looking back he saw Tyler leaning against a fence nearby, complaining of a particular feeling which he had never had before. The fellow employee helped Tyler into the truck and drove him home. A physician was immediately summoned and two hours later Tyler died of a cerebral hemorrhage.

For about ten years past the decedent had been suffering from hypertension, having been treated over the period by several doctors, including the physician attending at his death.

The term "accident" as used in *R. S.* 34:15-7 is not restricted to traumatic forces but may include non-traumatic causes precipitating disability. *George* v. *Edward M. Waldron, Inc.,* 111 *N. J. L.* 4 (sunstroke); *Richter* v. *E. I. Du Pont De Nemours & Co.,* 118 *Id.* 404; *affirmed,* 119 *Id.* 427 (exposure to cold); *Ciocca* v. *National Sugar Refining Company of New Jersey,* 124 *Id.* 329 (heat prostration). Compensation can only be allowed where a definite event, apart from the resulting disability, can be fixed as the cause of the disability. *Liondale Bleach Works* v. *Riker,* 85 *Id.* 426;

*Glick* v. *Wright Aeronautical Corp.*, 134 *Id.* 436; *Butts* v. *General Motors Corp.*, 135 *Id.* 376.

Exertion or strain as constituting a compensable accident has received attention by the courts of this state, with varying results. Where during employment injury follows upon an unusual exertion or extraordinary effort, compensation is allowed. *Bernstein Furniture Co.* v. *Kelly*, 114 *N. J. L.* 500; *affirmed*, 115 *Id.* 500; *Hentz* v. *Janssen Dairy Corp.*, 122 *Id.* 494; *Molnar* v. *American Smelting and Refining Co.*, 128 *Id.* 11; *Dalton* v. *Consolidated Laundries Corp.*, 134 *Id.* 27.

Cases have held an award may be made even where the strain or exertion is not unusual, the degree of exertion being of no consequence as long as the performance of the required work caused a definite or particular exertion. *Molnar* v. *American Smelting and Refining Co., supra; Cavanaugh* v. *Murphy Varnish Co.*, 130 *N. J. L.* 107; *Dalton* v. *Consolidated Laundries Corp., supra.*

In any case an accident will not be found unless the evidence establishes a definite, particular strain or exertion incident to employment. Here there is no evidence of a strain or exertion at the time stated in the petition. The work performed by Tyler was characterized as emergency but was not shown to have subjected him to any definite strain. It appears he turned the wheel "pretty fast" but it cannot be concluded from that fact alone that the action constituted an exertion. The chief engineer of the company described the operation followed to clear pipe stoppages, stating that prior to contact with the obstruction the work did not require any particular exertion. A medical expert with personal knowledge of the work described the effort no greater than walking, even considering the weakened condition of deceased due to his high blood pressure.

Apart from the failure to establish the occurrence of an accident, the testimony relied upon is not convincing that there was a causal relationship between the alleged accident and death. The testimony of the attending physician that the work performed by Tyler prior to death was a competent producing cause of the cerebral hemorrhage cannot be given

much weight in view of its omission from the death certificate and the letter by the witness to another physician, each written with full knowledge of all the facts. On the other hand, two expert medical witnesses denied the work was a factor in Tyler's death and testified the sole precipitating cause was the pre-existing high blood pressure.

From our independent examination of the facts, we determine the evidence fails to establish any strain or exertion and that the work of the decedent was not causally related to his death. *Lohndorf* v. *Peper Bros. Paint Co.*, 134 *N. J. L.* 156; *affirmed,* 135 *Id.* 352.

Judgment of the Pleas is reversed, and that of the Bureau reinstated, but without costs.