WILHELMINA SUNKIMAT, PETITIONER-RESPONDENT, v. SENGER COAL & ICE CORP., RESPONDENT-PROSECUTOR.

Submitted January 20, 1948—Decided April 9, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the petitioner-respondent, *Harold Krieger* (*Abraham J. Slurzberg,* of counsel).

For the respondent-prosecutor, *Gerald T. Foley.*

The opinion of the court was delivered by

WACHENFELD, J.   In this case we must make an independent determination pursuant to *R. S.* 2:81–8 and *R. S.* 34:15–66 whether there was an "accident" within the provisions of the Workmen's Compensation Act and whether there was a causal relationship between such accident, if so found, and subsequent death.   The allowance of counsel fees is also contested as excessive.

Respondent's husband, thirty-six years of age, had been employed by the prosecutor for five or six years as an assistant engineer.   On August 30th, 1943, shortly before noon he was seen preparing to cut a steel hoisting cable about 36 feet long and ⅝ inch in diameter.   He placed the cable cross an anvil on the floor and while kneeling he started to strike a chisel against the cable with a machinist's hammer weighing about

a pound and a half. This pounding continued a short while. He was next seen three minutes later lying on the floor, doubled up, gasping, his eyes rolling, and his eyes and mouth working. The chisel and hammer were at his side and the cable was partially cut. He died en route to the hospital.

An autopsy revealed death was due to "chronic aortitis, aortic aneurism rupturing into pericardium, hemopericardium." Medical experts relying on the report explained a long-standing disease had degenerated and weakened the aorta, a large blood vessel which at a point less than one inch from the heart had expanded into a bulge and burst. Previously decedent apparently had always been in good health.

The nature of decedent's employment is not shown except that he performed all the usual duties about the engineering room. The chief engineer employed by the prosecutor described the work of cutting steel cables "a laborer's job * * * it is difficult * * * requires effort * * * it's hard steel * * * it cuts hard" and added it normally takes from three to five minutes to cut through. A medical expert for the respondent on hypothetical question and from personal familiarity with the effort incidental to cutting with chisels and hammers testified the exertion of cutting the cable was the precipitating cause of the bursting of the blood vessel and subsequent death.

Prosecutor contended the hammer used was not heavy and that a person sixty-nine years old could cut such steel cables without becoming tired. Its medical witness testified the effort expended by decedent was not the producing cause of the injury and death. Since death could have occurred spontaneously due to the weakened condition of the artery, he concluded decedent's work was not the producing cause of death. He conceded physical exertion increased blood pressure, which in turn would have a definite part in causing a rupture.

The Bureau found that death was due to pre-existing illness and not an accident, but the Pleas reversed, holding the work in which decedent was engaged at the time was the precipitating cause of death. After an examination of the record and an independent determination of the facts, we

conclude there was a compensable accident precipitating death within *R. S.* 34:15–7.

It is clear this exertion constituted an accident under the Workmen's Compensation Act. In *Tyler* v. *Atlantic City Sewerage Co.*, 137 *N. J. L.* 16, this court, after reviewing pertinent cases, held a definite, particular strain or exertion incident to employment must be established in order to constitute an accident as the term is therein used. *Cf. Young* v. *Sheffield Farms Co., Inc.*, 136 *N. J. L.* 489.

Causal relationship between the exertion and death is resolved from testimony of two opposing medical experts. Both witnesses vividly explained the disabling effect of this disease on the aorta. They agreed death could have occurred regardless of employment but that physical exertion would tend to cause a rupture in such a weakened area.

Their views diverged in the conclusions regarding the effect of the particular work performed. The opinion of respondent's medical expert that death ensued from rupture of the aorta caused by exertion while cutting the cable is the more convincing. The other medical expert, testifying for the prosecutor, reasoned death could have resulted at any time from the illness. He therefore concluded death was not due to the exertion. His testimony dealt more with possibilities than probabilities. That is not the standard to be followed. It is not a valid answer to show death could possibly have occurred in a manner other than as alleged. The petitioner need only establish the claimed conclusion from the facts is a probable or a more probable hypothesis with reference to the possibility of other hypotheses. *Gilbert* v. *Gilbert Machine Works, Inc.*, 122 *N. J. L.* 533; *Jones* v. *Newark Terminal and Transportation Co.*, 128 *Id.* 190; *affirmed*, 129 *Id.* 58; *Marshall* v. *C. F. Mueller Co.*, 135 *Id.* 75; *Serignese* v. *Air Reduction Sales Co.*, 135 *Id.* 317.

Prosecutor's attempt to rebut the causal connection by minimizing the degree of exertion overlooks the duty to determine whether the work was the precipitating cause of injury in light of the employee's prevailing weakened condition. That the work would not be tiring or fatal to another is not controlling. *Schneider* v. *F. & C. Haerter*, 119 *N. J. L.* 548.

The act extends to the weak as well as the strong and an employer takes his employees with their physical defects and disabilities. *Bernstein Furniture Co.* v. *Kelly,* 114 *Id.* 500; *affirmed,* 115 *Id.* 500; *Marshall* v. *C. F. Mueller Co., supra.*

The Common Pleas allowed counsel fees of $1,500 for services before that court and the same amount for services before the Bureau. Those allowances are alleged to be excessive but no statutory limitation is shown to have been contravened. Considering the amount of the award obtained and the issues involved, this court cannot say the allowances so made constituted an abuse of judicial discretion.

Judgment affirmed, with costs.