This is an appeal from a judgment of the Monmouth County Court affirming an award for petitioner in the Workmen's Compensation Bureau.
On September 14, 1944, a hurricane which struck the New Jersey coast felled numerous trees and electric and telephone wires and caused other damage in the Borough of Manasquan. On the following day an emergency crew of twenty men, including the petitioner, an engineer engaged in electrical work, were employed by the Borough to clear the fallen trees and debris. On the same day and while, as he described it, "helping to remove trees after the hurricane, trees that had fallen after the hurricane and trees that were split up and broken", the petitioner was injured. Most of the remaining men continued with their work for the Borough for approximately two weeks and thereafter the Borough still employed one or two extra men in cleaning away the debris. Although storms occur periodically along the New Jersey coast, it was admitted that hurricanes are infrequent and it may be judicially noticed that the hurricane of 1944 was a rare event. Both parties conceded that the petitioner's employment was in connection with the Borough's business but the Borough contended that it was "casual" and consequently outside the Workmen's Compensation Act. See R.S. 34:15-36. This contention was rejected by the Bureau and later by the County Court and the issue presented on the Borough's appeal is whether this constituted error.
The question of whether a particular employment is casual within a statutory exclusion embodied in a Workmen's Compensation Act has been extensively litigated. The New Jersey decisions are collected in 2 Schneider, Workmen's Compensation *Page 112 Text § 307 (3rd Ed. 1942) and decisions elsewhere are not particularly helpful since they generally rest on statutory language unlike that in our Act. In Laspada v. Public ServiceRy. Co., 38 N.J.L.J. 102 (Essex C.P. 1915) Judge Osborne, after stating that a "casual employment is one which comes about more or less by chance, to meet the exigencies of a particular situation or a temporary emergency," held that a laborer employed, following a snow storm, to remove snow from the tracks of the defendant's railway was a casual employee within the statutory exclusion. In 1919 the Legislature amended the Workmen's Compensation Act to provide that casual employments shall be defined "if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring." Thereafter the Supreme Court in Thompson v. Wagner,103 N.J.L. 230 (Sup.Ct. 1927) was called upon to determine whether a laborer employed by an independent contractor to clear snow from railroad tracks was still excluded from the Act as amended. The court held that he was, approving fully theLaspada decision and finding nothing in the 1919 amendment to alter it. The court expressed the view that the occasion for the laborer's employment, which was in connection with the employer's business, arose by chance or was purely accidental, saying:
"Whether there was occasion for it depended entirely on whether a snowfall should occur. This was of course likely to occur at some time in the winter season, but not certain, and should it occur, the time of occurrence depended wholly on vicissitudes of atmospheric conditions."
The Court of Errors and Appeals affirmed the Supreme Court's decision on its opinion. See 104 N.J.L. 198 (E. A. 1927). Justice Kalisch wrote a dissenting opinion in which he differed with the determination that the 1919 amendment did not alter the interpretation of casual employment as expressed in the Laspada
case and declined to subscribe to the view that a winter snowfall in New Jersey "is such an unexpected event that it necessarily falls into the realm of chance." However, *Page 113 
when the subject was again presented to the Court of Errors and Appeals in 1938, the Thompson case was unanimously followed. See Lockhardt v. Sterner, 119 N.J.L. 342 (E. A. 1938) where the petitioner was employed by the State Highway Department for five days cleaning away snow and was held to be a casual employee. It is significant that although the Workmen's Compensation Act was amended in 1945 to provide that forest fire wardens and forest fire fighters employed by the State shall not be deemed casual employees, there has been no legislative action designed to obviate the effect of the decisions in the Thompson
and Lockhardt cases. We consider that they are binding upon us and compel the conclusion that the employment of the petitioner in our case was casual. Indeed, this result is more compelling since the employment, having resulted from the hurricane, might well be deemed to have been occasioned by chance or pure accident within the general acceptance of those terms even under Justice Kalisch's view that ordinary snow storms are not such unexpected events as to fall in the realm of chance.
The petitioner has strongly urged that Justice Kalisch's dissenting opinion rather than that of the majority in theThompson case expresses sound principles of statutory construction and is in accord with the purposes intended to be accomplished by the 1919 amendment of the Workmen's Compensation Act. Accepting the Thompson decision, reaffirmed in theLockhardt case, as the currently prevailing view of the court of last resort, we may not disregard it whatever be the force of the dissenting view. Petitioner then suggests that the Thompson
and Lockhardt decisions were later rejected by the Court of Errors and Appeals in Tettemer v. Sliss, 131 N.J.L. 185 (E. A. 1944). There the court adopted an opinion by Justice Porter in the Supreme Court which sustained an award in favor of an employee who had been hired to rebuild a barn which had been destroyed by fire. The Justice expressed the view that the providing of housing for the employer's herd of cattle was "a regular part of his business, whether rebuilding a destroyed barn or building an additional one made necessary because of increased herds and enlarged business" and *Page 114 
that the employment was not casual within the statutory contemplation. The opinion does not indicate that the rebuilding of the barn was, as was the snow removal and the clearing of the trees after the hurricane, immediate emergency work of short duration and does not cite or refer to the Thompson andLockhardt cases. While the court's apparent refusal to accept as controlling the contention that the need for the rebuilding of the barn arose because of a chance or accidental fire may indicate a disinclination to accept the suggested logical extension of the Thompson and Lockhardt cases, we are not at liberty to say that the deliberate judgment of the court of last resort expressed in 1927 and reaffirmed in 1938 has been overruled sub silentio by a case involving wholly different circumstances.
The judgment of the County Court is reversed.