10 N.J. Super. 464 (1950)
77 A.2d 281
MAE FOX, PLAINTIFF-RESPONDENT,
v.
CITY OF PLAINFIELD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1950.
Decided December 13, 1950.
*466 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. John W. O'Brien argued the cause for respondent (Messrs. O'Brien, Brett & O'Brien, attorneys).
Mr. Salvador Diana argued the cause for appellant.
The opinion of the court was delivered by WM. J. BRENNAN, JR., J.A.D.
Sherley Fox, aged 47, a Plainfield fireman of 24 years service, died April 3, 1949, a few hours after suffering a cerebral hemorrhage while fighting a residential garage fire.
The Division of Workmen's Compensation awarded compensation and the Union County Court affirmed. The municipality appeals from the consequent County Court judgment.
The sole question is whether petitioner sustained the burden of proof to show the probability that Fox's death was the result of an accident which arose out of and in the course of his employment. Fox had suffered from high blood pressure, "hypertensive cardiovascular disease," for a considerable time.
Fox drove his fire company's apparatus at about 40 miles per hour to this fire in response to an alarm received at the firehouse. Upon arrival at the scene he manoeuvered the engine into position near a fire hydrant, where the hose was attached and from which point he moved the engine forward toward the driveway. Fox and another fireman then had "to pull off a tier of hose, drag it, put a nozzle on and bring it in" to a point 12 to 20 feet from the garage to play water on the fire. The effort needed to get the hose to the fire was, as testified by the fireman who helped Fox, "Well, you got to pull it in, you can't walk to a fire that's burning at the time. You have to hustle it in there;" the operation "is fast."
*467 Leisurely service is not characteristic of the fireman once the alarm is given. Weisenbach v. New Milford, 134 N.J.L. 506 (Sup. Ct. 1946). Haste is essential in meeting the emergency. Fire Commissioners, etc., of Moorestown v. Morris, 12 N.J. Misc. 153 (Sup. Ct. 1934). Fire service, moreover, has its hazards to life and limb of the fireman. Ordinary human experience justifies the conclusion that despite long service a fireman does not fight any fire free of emotional, physical and nervous stress and strain which are the natural incidents of haste and danger in emergent circumstances.
The fire was a "hot" one. One witness standing almost 45 feet away testified he had to move back because of the intensity of the heat. When Fox's company arrived the fire had made substantial headway. Gasoline and oil in an automobile in the garage created imminent danger of explosion and spread of the fire.
Fox was "very active at that fire. He took charge of the line and waited a few seconds, then the water came, it kinked it (the hose) quite a bit, and the other fellows came by with rubber coats and helped him on the job."
Neither Fox nor his fireman partner had taken time to put on protective clothing but promptly when Fox put the engine into position they had pulled off the hose, attached the nozzle and started their effort to extinguish the fire. After some minutes a superior officer relieved Fox and ordered him back to the engine to don protective clothing. Fox walked a distance of 40 feet to the engine, and "He was taking his boots or shoes off, he had one shoe on and one shoe off, as he was taking it off he fell backwards." It was at that instant he suffered the cerebral hemorrhage.
Dr. Olcott testified for petitioner. His opinion was the cerebral hemorrhage was precipitated by a rupture of the lenticular branch of the Sylvian artery which "can be made to burst by any adventitious rise in blood pressure due to emotional factors or anything of that kind," that the rupture was causally connected with the "episode," meaning "driving the truck to the fire, assisting in drawing the hose, putting *468 the nozzle on, the exertion at the fire and emotional excitement that always goes with a fire, that added together, the customary episode of fire fighting with, perhaps, as you described, extra heat, a little more added excitement and so forth, as the result of the fact it was gasoline involved."
Dr. Lyerly, testifying for the municipality, expressed the opinion the cerebral hemorrhage was "due purely to the hypertension." This testimony was not deemed convincing by either the Deputy Director or the County Judge, and we see no reason to disagree with this finding. Dr. Lyerly conceded emotional excitement will cause rise in blood pressure and "In all fairness to all concerned * * * there is a certain amount of emotional tension in a fire, for any fireman." He admitted in addition that Fox's high blood pressure made him more vulnerable to a stroke under the emotional strain generated by the circumstances surrounding this fire. These concessions in light of the circumstances proved justify doubt of the validity of the doctor's conclusion that the cerebral hemorrhage was due to the natural progress of the disease from which Fox suffered.
There was evidence showing the probability the conditions surrounding this fire and Fox's exertions connected with it generated excitement and nervous strain which increased Fox's blood pressure sufficiently to cause the cerebral hemorrhage. This was sufficient proof to establish a compensable accident. Blair v. Village of Coleraine, 177 Minn. 376, 225 N.W. 284 (Sup. Ct. Minn. 1929); Krenz v. Krenz Oil Company, 186 Minn. 312, 243 N.W. 108 (Sup. Ct. Minn. 1932); Swann v. Montclair, 19 N.J. Misc. 255 (W.C.B. 1941); Niemi v. Thomas Iron Co., 20 N.J. Misc. 197 (W.C.B. 1942); and see VanNess v. Haledon, 136 N.J.L. 623 (E. & A. 1948); Schneider, "Workmen's Compensation Text" (3d Ed. 1945), § 1328, pp. 543 et seq. And when two independent tribunals, as here, separately arrive at the same factual determination, we will not overthrow such finding when supported by sufficient evidence. Giresi v. E.I. duPont deNemours Co., Inc., 7 N.J. Super. 41 (App. Div. 1950); *469 Coronato v. Public Service Coordinated Transport, 4 N.J. Super. 1 (App. Div. 1949).
The legal result is of course not affected by the fact that Fox was suffering from a pre-existing diseased condition of his blood vessels and arteries which predisposed him to cerebral hemorrhage, Furferi v. Pennsylvania Railroad Company, 117 N.J.L. 508 (E. & A. 1936), nor by the fact that the hemorrhage might have occurred at any time due to the natural progress of the pre-existing disease.
The municipality urges that the doctrine of "unusual strain or exertion" in heart disease cases is applicable and that the lack of proof of special effort as a precipitating cause of the hemorrhage precludes an award to the petitioner. The argument is not well founded. This doctrine has apparently not been extended beyond the heart cases. See Mills v. Monte Christi Corp., 10 N.J. Super. 162 (App. Div. 1950). It has certainly not been applied in cerebral hemorrhage cases; findings against liability in such cases have rested on a failure of proofs to establish the probability that the happenings contributed to the fatal cerebral hemorrhage. Carr v. Federal Shipbuilding & Dry Dock Co., 133 N.J.L. 564 (Sup. Ct. 1946); affirmed, 135 N.J.L. 148 (E. & A. 1946); Tyler v. Atlantic City Sewerage Co., 137 N.J.L. 16 (Sup. Ct. 1948); Forlano v. C.B. Weber & Co., 4 N.J. Super. 70 (App. Div. 1949).
The preponderant medical testimony in this case fully established Fox's exertions, with their concomitants of haste, danger, excitement, nervous strain, and elevation of his blood pressure, induced the rupture of the artery which eventuated in his death. It is not perceived that there is any fundamental difference in law or in principle between an injury causatively resulting from a blood vessel being cut or crushed and one broken by an artificial disturbance of that blood vessel induced by the specific combination of circumstances related to this fire which clearly constituted the incident an unlooked for mishap or untoward event, and an accident within the liberal intendment of the act. See J. Norman Geipe, Inc., *470 v. Collett, 172 Md. 165, 190 A. 836 (1937). It is not necessary that an accidental injury to be compensable be the result of traumatic force. Bollinger v. Wagaraw Building Supply Co., 122 N.J.L. 512 (E. & A. 1939).
Affirmed.